ROBERT GEORGE VERBICA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Verbica v. Commissioner
Docket No. 8806-82.
United States Tax Court
T.C. Memo 1984-558; 1984 Tax Ct. Memo LEXIS 120; 48 T.C.M. (CCH) 1439; T.C.M. (RIA) 84558; October 17, 1984. *120 Held, automobile expense deduction determined. Heldfurther, addition to tax for negligence sustained. Robert George Verbica, Pro se. Judith I. Dresher for the respondent. NIMS MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined a deficiency of $30,240.95 in petitioner's 1978 Federal income tax and an addition to tax under section 6653(a) [1] in the amount of $1,512.04. After concessions, the issues for decision are: 1) whether petitioner is entitled to deduct certain automobile expenses under section 162(a); and 2) whether petitioner is liable for the addition to tax for negligence under section 6653(a). FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner Robert George Verbica resided in San Jose, California, at the time he filed his petition. During 1978, petitioner, a real estate broker, operated each of the following *122 automobiles: a Porsche, a Subaru and a Cadillac. Petitioner primarily used these cars to commute between his home and office and to show and inspect real estate. On his 1978 Federal income tax return, petitioner estimated that 85 percent of his use of the cars was for business purposes. Consequently, petitioner deducted automobile expenses in the amount of $19,841.16. The automobile expenses consisted of: 1) lease payments for the Porsche and Subaru; 2) depreciation of the Cadillac; 3) payments for gasoline, car repairs and travel expenses; and 4) premium payments for automobile insurance. At trial, petitioner offered into evidence the following cancelled checks to substantiate his automobile expense deduction: Subject of Expense
Check(s) Payable To:
Amount
Oil and gas
Various oil companies
$ 1,836.93
Licenses and Registration
Department of Motor Vehicles
253.00
Lease payments for Porsche
Union Bank
4,041.84
Travel expenses
Cash
3,362.00
Downpayment for purchase
of Cadillac
St. Claire Motor Co.
5,000.00
Lease payments for
Subaru and subsequent
payments on Cadillac
First National Bank
1,385.72
Car repair and supply
services
Various payees
812.04
Automobile insurance
coverage for Porsche,
Various insurance
Subaru and Cadillac
companies
$ 1,701.35
$18,392.88
*123 OPINION Petitioner deducted automobile expenses totalling $19,841.16 as ordinary and necessary business expenses pursuant to section 162(a). Respondent argues that the entire automobile expense deduction should be disallowed because petitioner has failed to substantiate the claimed expenses.For the following reasons, we hold petitioner is entitled to deduct $2,161.29 for automobile expenses. Section 162(a) allows a taxpayer to deduct all ordinary and necessary business expenses paid or incurred during the taxable year, including travel expenses incurred while away from home. A deduction for travel expenses, however, is subject to the specific substantiation requirements contained in section 274(d). Petitioner submitted cancelled checks payable to cash totalling $3,362.00 as evidence of amounts spent for travel expenses. Section 274(d) requires petitioner to substantiate the amount of the expense, the time and place of travel, and the business purpose of the expense by adequate records or sufficient evidence corroborating his own statement. Petitioner offered no evidence *124 to meet the substantiation requirements of section 274(d) and, therefore, we must disallow his travel expenses. To substantiate the $5,000 depreciation deduction he claimed for the Cadillac, petitioner submitted a check in the amount of $5,000 which was given as a downpayment on the purchase price of the car. Petitioner offered no evidence of the basis, salvage value or useful life of the car. Having no reasonable basis upon which to compute petitioner's depreciation deduction, we must disallow the deduction. Section 1.167(a)-1, Income Tax Regs.
Petitioner also submitted cancelled checks totalling $1,385.72 representing lease payments on the Subaru and payments on the Cadillac. The Cadillac payments are not currently deductible because they are capital expenditures under section 263.Although the lease payments attributable to the business use of the Subaru might otherwise be currently deductible, petitioner offered no evidence which would enable us to estimate the portion of the payments that relate to leasing the Subaru. The remainder of petitioner's *125 1978 automobile expenses include lease payments for the Porsche in the amount of $4,041.84, payments for car repair and supply services in the amount of $812.04, payments for oil and gas totalling $1,836.93 and license and registration costs in the amount of $253.00. In addition, petitioner paid automobile insurance premiums in the amount of $1,701.35. Pursuant to section 162(a), petitioner is entitled to deduct these expenses to the extent he incurred them for business purposes. Although petitioner estimated that 85 percent of the cars' use during 1978 was for business purposes, he offered no evidence to corroborate this claim. Moreover, he testified at trial that in calculating the business use of his automobiles, he included the commute between his home and office. Since petitioner's commute between his home and office is not a deductible expense under sections 1.162-2(e) and 1.262-1(b)(5), [2] Income Tax Regs., we are unconvinced that petitioner's estimate of his business use of the automobiles is accurate. *126 Nevertheless, based on petitioner's testimony, we believe a portion of petitioner's use of the automobiles was for business purposes. Making as close an approximation as we can, bearing heavily upon the taxpayer whose inexactitudes is of his own making, we find petitioner's business use of the automobiles constituted 25 percent of their total use. Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). Accordingly, petitioner may deduct expenses in the amount of $2,161.29. Respondent also determined an addition to tax for 1978 under section 6653(a). Petitioner conceded that he is subject to the negligence addition if we find a deficiency. Petitioner is therefore liable for an addition to tax pursuant to section 6653(a). To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect for the year in issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner testified his commuting expenses were deductible under section 162↩ because he looked at various parcels of real estate while traveling between his home and office. Petitioner's testimony, without corroborating evidence, is insufficient to overcome the general rule that commuting expenses are not deductible.